UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_______________________________________X
MICHAEL McMANUS,

*Plaintiff,*

-*against*-

COUNTY OF NASSAU; CORRECTION OFFICER LOPEZ MALDONADO (Shield #3370), individually; CORRECTION OFFICER TANGREDI (Shield #3185), individually; and JOHN and JANE DOES 1–10, individually,

*Defendants.*
_______________________________________X

Civil Action No.
**VERIFIED COMPLAINT**

Plaintiff, MICHAEL McMANUS, by and through his attorneys, JOHANNESEN & UMANA, P.C., complaining of the defendants herein, upon information and belief, respectfully shows to this Court, and alleges as follows:

## PRELIMINARY STATEMENT

1. This is a civil rights action brought pursuant to 42 U.S.C. § 1983 arising from the repeated physical assaults, use of excessive force, denial of medical care, degrading and unsanitary conditions of confinement, and discriminatory abuse inflicted upon plaintiff MICHAEL McMANUS ("Plaintiff") by correction officers at the Nassau County Correctional Center between on or about July 2025 and September 2, 2025, while Plaintiff was an inmate in the custody of the County of Nassau.

2. Over the course of several weeks, defendant Correction Officers Lopez Maldonado and Tangredi repeatedly beat Plaintiff from behind, threatened him, and berated him, directing hateful and homophobic language at him because of his sexual orientation. Defendants also subjected Plaintiff to degrading treatment, pouring juice over his head, defiling photographs of Plaintiff and his partner, and confining him in a cell with an overflowing toilet full of human waste and, when Plaintiff sought medical attention for his injuries, denied and delayed that care. As a direct and proximate result, Plaintiff suffered serious and lasting physical injuries, including injuries to his neck and back, chronic pain, and limited range of motion, for which he continues to require extensive medical treatment.

3. Plaintiff brings this action to vindicate his rights under the Eighth and Fourteenth Amendments to the United States Constitution and to recover compensatory and punitive

damages, together with attorneys' fees and costs pursuant to 42 U.S.C. § 1988, and all other relief available under federal and state law.

## JURISDICTION AND VENUE

4. This action arises under 42 U.S.C. §§ 1983 and 1988 and the Eighth and Fourteenth Amendments to the United States Constitution. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

5. This Court has authority to award costs and reasonable attorney's fees to a prevailing plaintiff in an action brought pursuant to 42 U.S.C. § 1983 by operation of 42 U.S.C. § 1988.

6. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to the claims occurred in Nassau County, which lies within this District, and because one or more defendants reside within this District.

## PARTIES

7. At all times herein referenced, plaintiff MICHAEL McMANUS was and still is an individual residing in the State of New York. At all times relevant to this Complaint he was incarcerated at the Nassau County Correctional Center located in East Meadow, New York. Plaintiff was released from custody on or about December 12, 2025.

8. At all times herein referenced, defendant COUNTY OF NASSAU was and still is a municipal corporation organized under the laws of the State of New York. It operates, manages, and is responsible for the Nassau County Correctional Center and the Nassau County Sheriff's Office, and for the hiring, screening, training, supervision, and discipline of the correction officers employed there.

9. At all relevant times, defendant CORRECTION OFFICER LOPEZ MALDONADO (Shield #3370) was a correction officer employed by the County of Nassau, acting under color of state law and within the scope of his employment. He is sued in his individual capacity.

10. At all relevant times, defendant CORRECTION OFFICER TANGREDI (Shield #3185) was a correction officer employed by the County of Nassau, acting under color of state law and within the scope of his employment. He is sued in his individual capacity.

11. Defendants JOHN and JANE DOES 1–10 are correction officers, supervisors, medical staff, and/or other employees or agents of the County of Nassau whose identities are presently unknown to Plaintiff, who upon information and belief were assigned to or responsible for the satellite units designated EF118A and EF115A and the main building

of the Nassau County Correctional Center between July and September 2025, and who personally participated in, were present for, supervised, or were deliberately indifferent to the constitutional violations alleged herein. Plaintiff will amend this Complaint to name these defendants once their identities are ascertained through discovery.

12. At all relevant times, each individual defendant acted under color of the statutes, ordinances, regulations, customs, and usages of the State of New York and the County of Nassau, and within the scope of his or her employment and authority.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

13. Plaintiff has satisfied any applicable requirement to exhaust administrative remedies. The Prison Litigation Reform Act's exhaustion requirement, 42 U.S.C. § 1997e(a), does not apply because Plaintiff was released from custody before commencing this action and is no longer a "prisoner confined in any jail, prison, or other correctional facility" within the meaning of the statute.

14. In the alternative, to the extent any administrative remedy nominally existed, it was effectively unavailable to Plaintiff. Correction staff impeded Plaintiff's ability to file grievances, refused to provide grievance forms, and otherwise thwarted his attempts to invoke the grievance process, such that no remedy was "available" to him. Plaintiff nonetheless reported the assaults, including through an audio statement to Internal Affairs on or about September 5, 2025, and did file a grievance after being compelled to demand the opportunity to do so.

## FACTUAL BACKGROUND

15. At all relevant times, the County of Nassau operated the Nassau County Correctional Center, located at 100 Carman Avenue, East Meadow, New York, through the Nassau County Sheriff's Department, and was responsible for the care, custody, and safekeeping of all persons confined there.

16. On or about July 7, 2025, Plaintiff entered the custody of the County of Nassau at the Nassau County Correctional Center, where he was housed in the satellite units designated EF118A and EF115A.

17. At all relevant times, Plaintiff is a gay man. Defendants Lopez Maldonado and Tangredi knew or perceived Plaintiff to be gay and targeted him for abuse on that basis, repeatedly directing derogatory, hateful, and homophobic language at him such as "faggot," "cock sucker," and "bitch faggot," among several other insults.

18. Beginning on or about August 2025, Defendants Lopez Maldonado and Tangredi subjected Plaintiff to a series of unprovoked physical assaults and uses of excessive force. On each occasion, the officers struck Plaintiff from behind, punching him without warning in the

head and back, so that he had no opportunity to defend himself. Plaintiff posed no threat, was compliant, and gave the officers no lawful justification for the use of any force.

19. On or about August 2025, while Plaintiff was housed in unit EF118A, Defendant Officer Lopez Maldonado punched Plaintiff from behind in the head and back, without provocation, while directing homophobic slurs and threats at him. Plaintiff attempted to report the assault and to obtain medical attention, but Defendants refused to permit him to be seen by the medical unit.

20. During his confinement in unit EF118A, Defendants locked Plaintiff in a cell with an overflowing toilet containing human feces for over a week with feces flowing on the toilet and the floor of the cell. When Plaintiff sought help and asked that the condition be remedied, correction officers ignored him and left him confined in those unsanitary and degrading conditions. Upon information and belief, heterosexual inmates housed in unit EF118A were not confined in comparable conditions.

21. On or about late August 2025, Plaintiff was subsequently moved to unit EF115A. Soon thereafter, Defendants Officers Lopez Maldonado and Tangredi again assaulted Plaintiff, punching him from behind in the head, back, and neck while multiple John Does observed and did nothing to stop the assault. Throughout this assault, Defendants Lopez Maldonado and Tangredi called Plaintiff a “faggot” and directed other homophobic slurs and abuse at him. Following this assault, Plaintiff was seen by the medical unit and signed a written statement acknowledging that he had been assaulted. Despite Plaintiff’s repeated and continuing complaints of severe pain and inability to sleep, meaningful medical evaluation and treatment were delayed by approximately two weeks.

22. During the time that Plaintiff was housed in unit EF115A, Defendants continued to degrade and harass him. On one or more occasions, Defendants poured juice over Plaintiff’s head. Defendants also took photographs of Plaintiff and his partner and poured juice over those photographs prior to disposing them, conduct calculated to humiliate Plaintiff and to demean his relationship and his sexual orientation. Upon information and belief, Defendants did not subject similarly situated heterosexual inmates to comparable degradation or harassment.

23. On or about September 2, 2025, Defendant Officer Tangredi assaulted Plaintiff a third time, pushing and kicking him from behind in the back and striking him so forcefully in the neck that Plaintiff dropped his food tray, and his neck snapped backward, only because Plaintiff asked for a high calorie food tray per an active prescription. During this assault, Defendant Tangredi called Plaintiff a “faggot” and directed other homophobic abuse at him. This final assault was documented by Internal Affairs officers identified as Officer #226 and Officer #227.

24. Immediately after this final assault, Plaintiff was seen by the satellite building's medical unit, which documented that Plaintiff had been assaulted and took photographs of his injuries. Plaintiff was then removed from the satellite unit and transferred to the main building of the Nassau County Correctional Center, after repeatedly stating that he feared for his life. At least one other inmate housed in the same satellite unit was likewise transferred to the main building following these events.

25. Upon information and belief, similarly situated inmates housed in units EF118A and EF115A who were not gay, and who were not perceived by Defendants to be gay, were not subjected to unprovoked physical assaults, were not denied or delayed medical care, were not confined in cells with overflowing sewage, and were not otherwise subjected to the degrading and humiliating treatment described herein. These similarly situated inmates included Plaintiff's own cell mates, who were heterosexual and who, despite being identically situated in all relevant respects, were not subjected to the treatment described herein.

26. At the time of the assaults, the cells and common areas in the satellite building where Plaintiff was housed were not fully equipped with surveillance cameras. The absence of any monitoring enabled Defendants to strike Plaintiff from behind, out of view, without any recorded documentation of their conduct. Upon information and belief, following the assaults the County installed surveillance cameras on the common areas in that housing area, a measure that was feasible at all relevant times and that reflects the County's recognition of the very risk of unmonitored officer abuse that the prior absence of surveillance had created.

27. On or about September 5, 2025, Plaintiff provided an audio statement to Internal Affairs describing the assaults and executed a HIPAA authorization permitting the release of his medical records in connection with the investigation.

28. Only after Internal Affairs intervened did Plaintiff receive appropriate medical care for his injuries. He was ultimately provided a back brace, referred for physical therapy, and prescribed pain medication, confirming both the seriousness of his injuries and that the earlier denials and delays of care were unjustified.

29. Plaintiff was ultimately released from Defendant's custody on December 12, 2025, following his sentencing on or about December 10, 2025, which imposed a sentence of approximately five months, and had already been served as Plaintiff had been in custody since July 7, 2025.

30. As a direct and proximate result of Defendants' conduct, Plaintiff sustained serious and continuing physical injuries, including injuries to his neck and back, chronic pain, and limited range of motion, and has incurred and will continue to incur significant medical

and therapeutic expenses. Plaintiff also suffered, and continues to suffer, emotional distress, humiliation, fear, and mental anguish.

## AS AND FOR A FIRST CAUSE OF ACTION

**(Excessive Force in Violation of the Eighth and Fourteenth Amendments: 42 U.S.C. § 1983)**

*(Against Defendants Lopez Maldonado, Tangredi, and John/Jane Does 1–10)*

31. That at all times relevant hereto, plaintiff repeats, re-alleges, and reiterates each and every allegation set forth in paragraphs 1 through 30 of the Verified Complaint as if fully set forth at length herein.

32. At all relevant times, Plaintiff was in the custody of the County of Nassau. To the extent Plaintiff was a convicted inmate at the time of the conduct alleged herein, his right to be free from cruel and unusual punishment was protected by the Eighth Amendment to the United States Constitution. In the alternative, to the extent Plaintiff had not yet been convicted and sentenced during any relevant period, his right to be free from the use of objectively unreasonable force, and from punishment of any kind, was protected by the Due Process Clause of the Fourteenth Amendment.

33. Defendants Officer Lopez Maldonado and Tangredi used physical force against Plaintiff maliciously and sadistically for the purpose of causing harm, and not in any good-faith effort to maintain or restore discipline. The force, repeated, unprovoked, and usually delivered from behind to the head, neck, and/or back was objectively harmful and wholly disproportionate to any legitimate penological need. The force was likewise objectively unreasonable in light of Plaintiff's compliance, the absence of any threat or resistance by Plaintiff, and the absence of any need for the application of force.

34. Defendants' use of excessive force violated Plaintiff's rights under the Eighth and/or Fourteenth Amendments and caused him the injuries and damages described above. Defendants acted willfully, maliciously, and with reckless and callous disregard for Plaintiff's constitutional rights, entitling Plaintiff to punitive damages.

## AS AND FOR A SECOND CAUSE OF ACTION

**(Failure to Intervene in Violation of the Eighth and Fourteenth Amendments: 42 U.S.C. § 1983)**

*(Against Defendants Lopez Maldonado, Tangredi, and John/Jane Does 1–10)*

35. That at all times relevant hereto, plaintiff repeats, re-alleges, and reiterates each and every allegation set forth in paragraphs 1 through 34 of the Verified Complaint as if fully set forth at length herein.

36. Each defendant who was present during the assaults on Plaintiff had an affirmative duty to intervene to protect Plaintiff from the use of excessive force by fellow officers.

37. Each such defendant observed, or had reason to know, that excessive force was being used against Plaintiff, and had a realistic opportunity to intervene to prevent or stop the harm yet failed to do so.

38. As a direct and proximate result of these defendants' failure to intervene, Plaintiff suffered the injuries and damages described above, in violation of his rights under the Eighth and Fourteenth Amendments.

## AS AND FOR A THIRD CAUSE OF ACTION

**(Deliberate Indifference to Serious Medical Needs in Violation of the Eighth and Fourteenth Amendments: 42 U.S.C. § 1983)**

*(Against Defendants Lopez Maldonado, Tangredi, and John/Jane Does 1–10)*

39. That at all times relevant hereto, plaintiff repeats, re-alleges, and reiterates each and every allegation set forth in paragraphs 1 through 38 of the Verified Complaint as if fully set forth at length herein.

40. Plaintiff's injuries, including his neck and back injuries and the resulting chronic and severe pain, constituted serious medical needs that were obvious and that a reasonable officer would recognize as requiring medical attention.

41. Defendants were aware of Plaintiff's serious medical needs. After the first assault, Defendants refused to allow Plaintiff to be seen by the medical unit. After the second assault, and despite Plaintiff's repeated complaints of severe pain and inability to sleep, Defendants delayed necessary medical evaluation and treatment by approximately two weeks.

42. Defendants acted with deliberate indifference to Plaintiff's serious medical needs by denying and delaying access to medical care, in conscious disregard of an excessive risk to Plaintiff's health and safety, a risk of which Defendants knew or should have known, in violation of the Eighth and/or Fourteenth Amendments. As a direct and proximate result, Plaintiff endured unnecessary and wanton pain and suffering and a worsening of his condition, and sustained the damages described above.

## AS AND FOR A FOURTH CAUSE OF ACTION

**(Denial of Equal Protection on the Basis of Sexual Orientation in Violation of the Fourteenth Amendment: 42 U.S.C. § 1983)**

*(Against Defendants Lopez Maldonado, Tangredi, and John/Jane Does 1–10)*

43. That at all times relevant hereto, plaintiff repeats, re-alleges, and reiterates each and every allegation set forth in paragraphs 1 through 42 of the Verified Complaint as if fully set forth at length herein.

44. The Equal Protection Clause of the Fourteenth Amendment guaranteed Plaintiff the right to be free from intentional discrimination on the basis of his sexual orientation.

45. Defendants intentionally targeted Plaintiff for assault, threats, verbal abuse, and mistreatment because of his sexual orientation, as evidenced by their repeated use of derogatory and homophobic language while abusing him and by their deliberate defiling of photographs of Plaintiff and his partner. Plaintiff was treated differently from similarly situated inmates who were not gay, including his heterosexual cell mates, and there was no rational or legitimate penological basis for that differential treatment.

46. Defendants' intentional discrimination violated Plaintiff's rights under the Fourteenth Amendment and caused the injuries and damages described above, entitling Plaintiff to compensatory and punitive damages.

## AS AND FOR A FIFTH CAUSE OF ACTION

**(Unconstitutional Conditions of Confinement in Violation of the Eighth and Fourteenth Amendments: 42 U.S.C. § 1983)**

*(Against Defendants Lopez Maldonado, Tangredi, and John/Jane Does 1–10)*

47. That at all times relevant hereto, plaintiff repeats, re-alleges, and reiterates each and every allegation set forth in paragraphs 1 through 46 of the Verified Complaint as if fully set forth at length herein.

48. Defendants subjected Plaintiff to conditions of confinement that posed a substantial risk of serious harm and deprived him of the minimal civilized measure of life's necessities, including by locking him in a cell in unit EF118A with an overflowing toilet containing human feces, and by ignoring his requests that the condition be remedied.

49. These unsanitary and degrading conditions were sufficiently serious to deny Plaintiff basic human needs and to offend contemporary standards of decency. Defendants knew of and consciously disregarded the excessive risk to Plaintiff's health and safety that these conditions posed.

50. Defendants' deliberate indifference to these conditions of confinement, individually and in combination with the assaults, the degrading harassment, and the denial of medical care, violated Plaintiff's rights under the Eighth and/or Fourteenth Amendments and caused the injuries and damages described above.

## AS AND FOR A SIXTH CAUSE OF ACTION

**(Municipal Liability under Monell: 42 U.S.C. § 1983)**

*(Against Defendant County of Nassau)*

51. That at all times relevant hereto, plaintiff repeats, re-alleges, and reiterates each and every allegation set forth in paragraphs 1 through 49 of the Verified Complaint as if fully set forth at length herein.

52. The violations of Plaintiff's constitutional rights were caused by the policies, customs, and practices of the County of Nassau, including: (a) a custom and practice of permitting and tolerating the use of excessive force against inmates; (b) a custom and practice of tolerating the abuse, harassment, and discriminatory treatment of inmates on the basis of sexual orientation; (c) the failure to adopt or enforce adequate policies for the provision of medical care to injured inmates; (d) the obstruction of the inmate grievance process; and (e) the failure to provide adequate monitoring or surveillance of inmate housing areas, which permitted correction officers to use force against inmates from behind and out of view, without documentation or accountability.

53. The County of Nassau was deliberately indifferent to Plaintiff's constitutional rights in that it failed to adequately screen, train, supervise, and discipline its correction officers with respect to the use of force, the treatment of LGBTQ inmates, and the provision of medical care, despite the obvious need for such training and supervision and despite a pattern of prior similar misconduct of which the County knew or should have known. The County's notice of this pattern includes, among other matters: (a) the deaths of twelve inmates in custody at the Nassau County Correctional Center between 2011 and 2016, at least five of whom the New York State Commission of Correction found had received inadequate medical care; (b) findings of the State Commission of Correction's Medical Review Board that in-custody deaths at the facility resulted from inadequate medical care and supervision, including the February 2014 death of an inmate whose body was in full rigor mortis when discovered in his cell; (c) the County's decades-long failure to constitute the Board of Visitors mandated by the Nassau County Charter to oversee conditions at the facility; (d) an internal affairs investigation, publicly reported in August 2024, into the use of excessive force by two Nassau County correction officers against an inmate at the facility, in connection with which the officers were suspended; (e) the September 18, 2025 death of a detainee found unresponsive in his cell at the facility within eighteen hours of his admission, presently under review by the New York Attorney General and the State Commission of Correction; and (f) published oversight reporting identifying the Nassau County jail among New York county facilities that consistently place incarcerated persons at grave risk of harm.

54. The County of Nassau further failed to meaningfully investigate, discipline, or remediate the misconduct of Defendant Officers Lopez Maldonado and Tangredi, thereby ratifying and encouraging their conduct.

55. These policies, customs, and failures were a moving force behind, and directly and proximately caused, the violation of Plaintiff's constitutional rights and the injuries and damages described above.

**WHEREFORE**, plaintiff MICHAEL McMANUS demands judgment against the defendants, jointly and severally, awarding compensatory damages in an amount to be determined at trial; punitive damages against the individual defendants in an amount to be determined at trial; reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988; pre-judgment and post-judgment interest; together with the costs and disbursements of this action, and such other and further relief as this Court deems just and proper.

**JURY TRIAL DEMANDED**

**Plaintiff hereby demands a trial by jury in this action.**

Dated: Brooklyn, New York
July 23, 2026

JOHANNESEN & UMANA, P.C.
*Attorneys for Plaintiff*
68 Jay Street, Suite 225
Brooklyn, New York 11201
(917) 757-2244

By: ______________________________
Luis A. Umana, Esq.

## VERIFICATION

**MICHAEL McMANUS** being duly sworn says: I am the plaintiff in the action herein. I have read the annexed Verified Complaint, know the contents thereof and the same is true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters, I believe them to be true.

Dated: Ridge, New York
July 23, 2026

MICHAEL McMANUS

UNITED STATES DISTRICT COURT EASTERN DISTRICT OF NEW YORK
______________________________________________________________X

MICHAEL McMANUS,

*Plaintiff,*

*-against-*

COUNTY OF NASSAU; CORRECTION OFFICER LOPEZ MALDONADO (Shield #3370), individually; CORRECTION OFFICER TANGREDI (Shield #3185), individually; and JOHN and JANE DOES 1–10, individually,

*Defendants.*
______________________________________________________________X

**VERIFIED COMPLAINT**

JOHANNESEN & UMANA, P.C.
*Attorneys for Plaintiff*
68 Jay Street, Suite 225
Brooklyn, New York 11201
(917) 757-2244

*Signature (Pursuant to Rule 11)*

______________________
Luis A. Umana, Esq.

Dated: July 23, 2026